IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:06-CV-0274-FL

| | |
|---|---|
| EVELYN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. | |

This matter comes before the court on parties' cross motions for judgment on the pleadings (DE ##19, 27) and plaintiff's objection (DE #29) to the memorandum and recommendation ("M&R") issued by United States Magistrate Judge David W. Daniel. For the following reasons, the court adopts Magistrate Judge Daniel's recommendations and grants defendant's motion for judgment on the pleadings.

## STATEMENT OF THE CASE

Plaintiff filed her application for disability insurance benefits ("DIB"), which was denied initially and upon reconsideration, on October 10, 2003. Tr. 36, 42. Plaintiff contested the decision and on January 6, 2006, a hearing was held before an administrative law judge, at which plaintiff, her representative,[1] and a vocational expert were present. Tr. 355. On April 7, 2006, the ALJ issued a decision denying plaintiff's claims. Tr. 16-26. Plaintiff thereafter initiated the instant action,

---

[1] The ALJ described plaintiff's representative as her "attorney", Tr. at 353, but plaintiff's representative at that time was a nonlawyer, Robert A. Davis, Ph.D. In the current proceedings, plaintiff is represented by lawyer Lawrence Wittenberg.

which was referred to magistrate judge for M&R. The magistrate judge recommended that the undersigned grant defendant's motion for judgment on the pleadings, and plaintiff filed her objections to M&R on January 24, 2008.

STATEMENT OF THE FACTS

The record shows that plaintiff, a 51 year old former nurse's assistant with two years of college education, suffers from degenerative disc disease and is blind in her left eye. Tr. 36. At the time of hearing before the ALJ, plaintiff was married and living at home with her husband who is disabled. Tr. 357-359. At her hearing, plaintiff testified that she ceased working due to back pain in February of 2000, and has never returned to work since. Tr. 362. Plaintiff also suffers from depression. Tr. 375. Other relevant facts as noted by the parties are discussed in context below.

In his decision, the ALJ described the five step analysis for determining whether an individual is disabled pursuant to 20 C.F.R. 404.1520(a). Tr. 20. He thereafter presented his findings of fact and conclusions of law, which included findings that plaintiff suffers from the severe impairments of depressive disorder and degenerative disc disease, that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in the relevant regulation, and that plaintiff has the residual functional capacity to perform certain limited work. Tr. 21-22. In support of his conclusions the ALJ considered and described the medical records of a number of treating health care providers. Tr. 21-26.

DISCUSSION

A. Standard of Review

The court may "designate a magistrate [magistrate judge] to conduct hearings, including evidentiary hearings, and submit to a judge of the court proposed findings of fact and

2

recommendations for disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). "The magistrate . . . shall file his proposed findings and recommendations . . . with the court[.]" 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

When reviewing a decision of an administrative law judge, the court looks to whether there is substantial evidence to support the findings and whether the law was applied correctly. See 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (superseded by statute on other grounds). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (internal citation omitted); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456. Even if the court disagrees with Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Id. With these principles in mind, and having benefit of the M&R, the court turns to the objections at hand.

B.   Plaintiff's Objections

Plaintiff raises three objections to the M&R: 1) the magistrate judge erred when he found that

3

the ALJ properly considered information from Dr. Turner, one of plaintiff's treating physicians; 2) the magistrate judge erred when he sustained the ALJ's credibility determination and pain assessment; and 3) the hypothetical presented by the ALJ to the vocational expert ("VE") provided insufficient information to generate an accurate assessment of plaintiff's capacity.

In her first objection, plaintiff essentially reiterates her first argument from her memorandum in support of her motion for judgment on the pleadings. Plaintiff contends that the ALJ failed to give proper consideration to Dr. Turner's records, that the ALJ was unaware that plaintiff had undergone post-hearing surgery for her low back pain, and that because there is scant support for the ALJ's consideration of Dr. Turner's assessment, the ALJ must not have given proper weight to the evidence before him.

Upon a *de novo* review of the record, the court rejects plaintiff's argument for two reasons. First, there is substantial evidence in the record to support the ALJ's conclusion. The ALJ noted that records from two physicians showed that plaintiff's pain was at times controlled with medication and use of her TENS unit. Tr. 23. Whether or not the ALJ was aware that plaintiff had undergone surgery for her lower back pain, he recorded the fact that, on a date after her surgery, plaintiff was only restricted to light work. Tr. 24. In his M&R, the magistrate judge directs the court's attention to several other specific facts relied upon by the ALJ in making his determination. Collectively, these facts provide more than adequate support for this court's finding that substantial evidence supported the ALJ's decision. Second, an ALJ is not required to comment on every piece of evidence in the record, and his failure to cite a specific piece of evidence is not an indication that the evidence was not considered. See, e.g., Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995); see also Phillips v. Barnhart, 91 Fed. Appx. 775, 780 (3d Cir. 2004); Wheeler v. Apfel, 224 F.3d 891, 896

(8th Cir. 2000); Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). The ALJ clearly stated that he had considered the record as a whole. Tr. 19. Having found that substantial evidence supports the ALJ's conclusion, and that his failure directly to address the records of one of several treating physicians in his written decision does not constitute error, this court must not second guess the ALJ's weighing of the evidence. See, e.g., Hays, 907 F.2d at 1456.

Plaintiff's second objection refers to the ALJ's pain and credibility analyses. Under Craig v. Chater, the ALJ must follow a two step process to evaluate plaintiff's level of pain. 76 F.3d at 594-595. At the first step, the ALJ determines whether plaintiff's medically determinable impairments could reasonably cause the alleged symptoms. Id. At the second step, the ALJ evaluates plaintiff's statements with respect to the alleged symptoms. Id. A plaintiff satisfies this two step process by showing that her symptoms are both medically reasonable and credibly alleged. Id. Here, plaintiff reiterates the argument first raised in her memorandum in support of motion for summary judgment, that it would be illogical for the ALJ to find, as he did, that plaintiff could objectively be suffering from a certain level of pain but yet, also find that plaintiff was not credible with respect to her alleged symptoms.

The ALJ determined that plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the [plaintiff's] statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." Tr. 23. As described more fully in the M&R, the ALJ thereafter proceeded to summarize the substantial evidence upon which he based his credibility determination. The ALJ is required to "take into account not only the [plaintiff's] statements about her pain, but also 'all the available evidence,' including the [plaintiff's] medical history, medical signs, and laboratory findings, . . . any objective

5

medical evidence of pain ... and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Craig, 76 F.3d at 595 (internal citations omitted). It is not logically inconsistent for the ALJ to have determined that plaintiff could have suffered pain at a certain level, but that, in light of all of the facts before him, she had not credibly alleged pain at that level. When conflicting evidence is presented, it is up to the ALJ to resolve any inconsistency. Hays, 907 F.2d at 1496. In light of its role here, the court will not disturb the determination of the original fact finder who was present at plaintiff's testimony, and who possesses awareness of "all the evidence" regarding plaintiff's credibility.

Plaintiff's third objection, also duplicative of her arguments first raised in her motion for summary judgment, attacks the hypothetical presented by the ALJ to the VE who assisted him at plaintiff's January 6, 2006, hearing. "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Hines v. Barnhart, 453 F.3d 559, 566 (4th Cir. 2006). The VE testified that she was familiar with the evidence in plaintiff's record as of the day of the hearing. Tr. 383. She summarized plaintiff's past work history, and indicated that she had been present throughout plaintiff's hearing testimony. Id. The hypothetical posed by the ALJ asked:

> If I find that the claimant's residual functional capacity has been such that she has the maximum sustained exertional work capability, performed light work [inaudible] the regulations, but that due to back pain she would require a sit/stand option. And I also ask you to assume that due to a depressive disorder, that she would be, have concentration problems and she would have been restricted to performing simple, routine repetitive-type tasks. With those restrictions in mind, do you have an opinion as to whether or not there were jobs which exist in significant numbers in the region

which you believe she was vocationally qualified to perform based on her age, education, training, and background?

Tr. at 385. The vocational expert's answer was: "Yes, your honor." Id. She then proceeded to describe the types of jobs for which plaintiff could qualify, in light of her limitations. Id.

Plaintiff contends that the hypothetical failed to address the frequency of plaintiff's concentration limitations and failed adequately to describe the extent of plaintiff's pain. With respect to plaintiff's frequency/concentration argument, which is merely a restatement of argument in her original motion, the magistrate judge fully disposed plaintiff's argument at pages 13-14 of the M&R and the court, adopting the reasoning therein, need not reiterate it here.

Facially, the hypothetical question addresses plaintiff's "significant pain."[2] In this part of her objection, plaintiff makes two arguments. First, plaintiff reiterates her argument that the ALJ improperly relied on certain medical evidence, and ignored other evidence, in coming to the conclusions he did regarding the validity of plaintiff's level of pain. For the reasons given above, and for the additional reasons given in the M&R, the court again rejects this argument.

Plaintiff also contends that the ALJ did not adequately describe her pain to the VE, as required by Cornett v. Califano, 590 F.2d 91, 93 (4th Cir. 1978). In Cornett the court held that the hypothetical posed was insufficient because the ALJ did not "fully describe the physical impairments of the claimant." Id. The court added: "[t]he questions do not accurately set forth the extent and duration of her pain." Id. Plaintiff contends that Cornett mandates reversal because the ALJ did not "fully describe to the VE the nature and extent of the pain." Pl.'s Obj. Mem. Rec. at 15. The exact language used by the ALJ, however, was derived from language ratified by plaintiff when she

---

[2] "due to back pain she would require a sit/stand option." Tr. 385.

7

testified at her hearing regarding the extent of her pain, as it impacts her functional capacity:

> Q: Did you, were you, when you applied for that job, did you think you had the physical capacity to do it? [ALJ]
> A: Well, they said I could be up and down, you know, because it wasn't just, it wasn't just a sit down job. [Plaintiff]
> Q: Sit/stand option? [ALJ]
> A: Yes, sir. [Plaintiff]
> Q: And that's what you need, right? [ALJ]
> A: Yes, sir. Do you mind if I stand up now? [Plaintiff]

Tr. 363-363. To fault the ALJ for using a term of art understood by the VE and used by the plaintiff herself to describe the extent and nature of her pain would be overly formalistic; such an outcome is not required by case law that merely promotes accuracy in the evaluation process.

## CONCLUSION

After careful review of the record in this case, the court finds that the law and substantial evidence supports the ALJ's determination that plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, the court hereby ADOPTS the recommendation of Magistrate Judge Daniel as its own, and, for the reasons stated except as modified herein, plaintiff's motion for judgment on the pleadings (DE # 19) is DENIED, defendant's motion for judgment on the pleadings (DE # 27) is GRANTED, and the final decision of the Commissioner is UPHELD. The clerk is directed to CLOSE this case.

SO ORDERED this the 13th day of March, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge